UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------- X
                                                          :
UNITED STATES OF AMERICA,              :
                                                         :       **MEMORANDUM**
            -against-                             :       **DECISION AND ORDER**
                                                         :
JOSE VELASQUEZ,                          :       08-CR-56 (BMC)
                                                         :       16-CV-3432 (BMC)
                           Defendant.           :
                                                         :
---------------------------------------------------------- X

        Before me is defendant's motion under 28 U.S.C. § 2255 to vacate his 160-month sentence that I imposed on August 20, 2009. Defendant argues that his sentence, which was based upon my finding that he was a career offender under the Sentencing Guidelines, is unconstitutional in light of the Supreme Court's recent rulings in <u>Johnson v. United States</u>, 576 U.S.__, 135 S. Ct. 2551 (2015), and <u>Welch v. United States</u>, 578 U.S.__, 136 S. Ct. 1257 (2016). For the reasons set forth below, defendant's motion is GRANTED.

## BACKGROUND

        Defendant pleaded guilty to Conspiracy to Possess with Intent to Distribute Cocaine. At his sentencing, I found that defendant was a career offender under § 4B1.1(a) of the Guidelines. That provision classifies a defendant as a career offender if "the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense" and "the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." A "crime of violence" is defined in § 4B1.2(a) and includes three separate clauses: the force clause, the enumerated offenses clause, and the residual clause.

        At defendant's sentencing, I found that he was a career offender based upon a 1995 conviction for conspiracy to distribute crack cocaine in the Southern District of New York (a

controlled substance offense) and a 1997 conviction in New York State for burglary in the first degree (a crime of violence). It is the burglary conviction that is at issue in this motion.

Based upon my finding that defendant was a career offender, I determined his Guidelines range to be 188 to 235 months. Without the application of the career offender Guideline, defendant would have had a Guidelines range of 70 to 87 months. Based upon the Guidelines range, as well as my evaluation of the other sentencing factors, I sentenced defendant to 160 months. Defendant has now served approximately 9 years in prison, or about two years more than the high end of his Guidelines without the career offender enhancement.

## DISCUSSION

Defendant has challenged his sentence by arguing that his career offender Guidelines range was based upon language in the residual clause of the "crime of violence" definition that is unconstitutional. If defendant's burglary conviction satisfies one of the other clauses of the career offender Guidelines, I would not need to reach this issue. There are two remaining clauses by which a crime can be classified as a crime of violence: the enumerated offenses clause (the crime "is burglary of a dwelling, arson, or extortion [or] involves the use of explosives") and the force clause (the crime "has as an element the use, attempted use, or threatened use of physical force against the person of another").

The enumerated offenses clause cannot apply to defendant's New York State burglary conviction because the definition of burglary under New York law is broader than the generic definition of the offense. See Mathis v. United States, 579 U.S.___, 136 S. Ct. 2243, 2251 (2016); Taylor v. United States, 495 U.S. 575, 598, 110 S. Ct. 2143, 2158 (1990). Under New York Penal Law § 140.30, a person is guilty of burglary in the first degree when he knowingly enters a dwelling. Under New York law, a dwelling includes "any structure, vehicle, or

watercraft . . . or an inclosed motor truck." N.Y. Penal Law § 140.00. The definition of "building" under the generic definition of burglary does not include the unlawful entry into a boat or motor vehicle. See Shepard v. United States, 544 U.S. 13, 16, 125 S. Ct. 1254 (2005).

This leaves the force clause. In determining whether a state crime qualifies as a predicate crime, courts can apply either the categorical or modified categorical approach. See Descamps v. United States, __ U.S. __, 133 S. Ct. 2276, 2281 (2013). The modified categorical approach applies in a limited set of circumstances – such as when a state statute is divisible, i.e., it proscribes multiple crimes with different elements. See United States v. Jones, __F.3d__, 2016 WL 3933838, at *3 (2d Cir. July 21, 2016). When courts employ the modified categorical approach, they are permitted to "look[ ] to a limited class of documents (for example, the indictment, jury instructions, or plea agreement and colloquy) to determine what crime, with what elements, a defendant was convicted of." Mathis, 136 S. Ct. at 2249. Courts, however, are not permitted to "look behind the elements of a generally drafted statute to identify the means by which a defendant committed a crime . . . the court may only ask whether the elements of the state crime and the generic offense make the requisite match." Id. at 2255-56 (citing Descamps, 570 U.S.__, 133 S. Ct. at 2282-83).

Defendant and the Government are in agreement that his plea colloquy and certification of disposition of his conviction indicate he was convicted of § 140.30(1) of the New York Penal Code. This provision states a person commits burglary in the first degree when he "knowingly entere[ed] or remaine[ed] unlawfully in a dwelling with intent to commit a crime therein, and when, in effecting entry or while in the dwelling or in immediate flight therefrom, he or another participant in the crime . . . [was] armed with explosives or a deadly weapon." By its plain

3

terms, § 140.30(1) does not satisfy the force clause because it only requires possession of a deadly weapon, not using, threatening to use, or brandishing one.

The Government has drawn the Court's attention to details from defendant's plea colloquy discussing the specifics of his prior conviction. It is not clear if the Government is doing this merely to show a basis for an enhanced sentence under the factors in 18 U.S.C. § 3553(a), or if it also contends that those facts bring the conviction within the force clause. If the Government's reliance is for the latter purpose, its argument is incorrect. Once I have used the plea colloquy to determine which portion of the burglary statute applies to defendant, the modified categorical approach allows me to go no further. Based on my analysis, defendant's first degree burglary conviction does not qualify as a "crime of violence" under the career offender Guidelines.

Because defendant's burglary conviction does not satisfy another portion of the "crime of violence" definition, I must address his argument that the residual clause is unconstitutional. In Johnson, the Supreme Court held that the residual clause of the Armed Career Criminal Act ("ACCA") violated due process because it was unconstitutionally vague. Roughly a year later, in Welch, the Supreme Court held that its decision in Johnson applied retroactively on collateral review because it announced a new substantive rule of constitutional law. The language contained in the residual clause in ACCA is identical to the residual clause language at issue in the Guidelines. See United States v. Gray, 535 F.3d 128, 130 (2d Cir. 2008).

At this point in time, there is little controversy as to whether Johnson applies to the Guidelines – ten of the eleven courts of appeal have either decided that Johnson applies to the Guidelines, accepted the government's concession that it does, or assumed that it does. See, e.g., United States v. Maldonado, 636 F. App'x 807, 810 (2d Cir. 2016); United States v. Madrid, 805

F.3d 1204, 1201-11 (10th Cir. 2015); United States v. Townsend, 638 F. App'x 172 (3d Cir. 2015).

It is, however, an open question as to whether the decision in Johnson should apply retroactively on collateral review to sentences imposed Guidelines §4B1.2(a). If Johnson does not apply retroactively to the Guidelines, defendant's § 2255 motion is untimely.

The Supreme Court has granted certiorari in Beckles v. United States, 616 F. App'x 415 (11th Cir. 2015), cert. granted, No. 15-8444, 2016 WL 1029080 (U.S. June 27, 2016), and may determine this issue in that case. Nevertheless, notwithstanding the pendency of Beckles, a number of courts have decided to rule on the issue and have held that the residual clause is unconstitutional on a retroactive basis. See, e.g., In re Hubbard, __ F.3d __, 2016 WL 3181417 (4th Cir. June 8, 2016) (holding that Johnson is not a procedural rule as applied to the sentencing Guidelines); Fleming v. United States, __F. Supp. 3d__, 2016 WL 3647999 (E.D. Mich. June 28, 2016); United States v. Ramirez, __F. Supp. 3d__, 2016 WL 3014646 (D. Mass. May 24, 2016). In In re Hubbard, the Fourth Circuit rejected the argument that the Guidelines are distinct from ACCA because they provide judges with discretion in their sentencing. "[T]he Sentencing Guidelines hardly represent a mere suggestion to courts about the proper sentences defendants should receive. 'The federal system adopts procedural measures intended to make the Sentencing Guidelines the lodestone of sentencing.'" 2016 WL 3181417 at *7 (quoting Peugh v. United States, __ U.S. __, 133 S. Ct. 2072, 2084 (2005)). In addition, the Second Circuit has implicitly authorized district courts to exercise discretion to either proceed to determine this issue or await the decision in Beckles. See Blow v. United States, __ F.3d __, 2016 WL 3769712, at *2 (2d Cir. July 14, 2016).

Although Johnson may not mean that every defendant sentenced under the residual clause in Guideline 4B1.2(a) has been deprived of due process, the facts of this case show that there are several reasons why this defendant has been.

First, there was an enormous disparity between what his Guidelines range would have been without the career offender enhancement and what it was with it – it more than doubled the applicable range. For any court to say that this disparity had no or limited impact on the sentence would mean that the Guidelines were discounted among the sentencing factors to the point of being almost ignored.

Second, as the sentencing judge, I know that this was not the case. Defendant's classification as a career offender under the Guidelines had a profound effect on his sentence, as this Court, prior to this sentence, had no prior occasion to apply 4B1.2(a)(2), and was heavily influenced by it in determining the sentence. The Court, which frankly had limited experience with sentencing prior to that time, used the Guidelines according to the dictates of the case law – as a "starting point" for the sentence, see Gall v. United States, 552 U.S. 38, 49, 128 S. Ct. 586, 597 (2007) – but as a rather rigid starting point. Although, as discussed below, the nature of the crime and circumstances of the offense caused the Court to modestly discount the Guidelines range, I have little doubt that had I been faced with the record that existed at sentencing but with a 70-87 month Guidelines range, defendant would have been sentenced no higher than that range.

Third, I recognize that defendant had an aggravated criminal record, else he would not have been subject to 4B1.2(a) at all. Nevertheless, the crime with which he was convicted was among his least aggravated. It was a drug "sting" operation in which the public was never put at serious risk. Specifically, defendant's two co-defendants, not knowing that they were selling

6

cocaine to a government informant, prevailed upon defendant to courier the drugs between them and serve as a lookout while one of them passed the drugs to the informant.  Defendant received a two point minor role adjustment because of his limited role in the offense.  This is not to understate the seriousness of the crime, but if defendant had a Guidelines range topping out at 87 months – more than seven years – that seems, albeit with the benefit of additional sentencing experience, likely enough time for this crime, especially considering other mitigating factors that I need not detail here, and notwithstanding an aggravated criminal history.

Applying <u>Johnson</u>, I hold that defendant's sentence violated his right to due process of law under the circumstances presented by this case.  The judgment of the Court is vacated; by separate Order, the Court will set a date for resentencing.

**SO ORDERED.**

                                                           U.S.D.J.

Dated:   Brooklyn, New York
           August 3, 2016